IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00582-MSK-MEH

CUNA MUTUAL LIFE INSURANCE COMPANY,

      Plaintiff,

v.

FRANK A. APODACA, JR., and
SUSANA CRUZ,

      Defendants.

_____

**OPINION AND ORDER OVERRULING OBJECTION,
ADOPTING RECOMMENDATION, AND DIRECTING PAYMENT OF FUNDS**
_____

**THIS MATTER** comes before the Court pursuant to Defendant Cruz's Objections **(# 62)** to the September 29, 2006 Report and Recommendation **(# 60)** of United States Magistrate Judge Michael E. Hegarty that Defendant Apodaca's Motion for Payment of Funds **(# 52)** be granted.

In this interpleader action, Defendants Cruz and Apodaca both claim an entitlement to the proceeds of an insurance policy taken out by Frank A. Apodaca, Sr. Defendant Apodaca contends that he is entitled to the proceeds as the result of Frank Apodaca, Sr. designating him as beneficiary on a signed change-of-beneficiary form. Defendant Cruz contends that Frank Apodaca, Sr.'s signature on the change-of-beneficiary form was forged, and that she should continue as the named beneficiary on the police.

According to the Recommendation, the parties agreed on June 26, 2006 to retain a handwriting expert to examine the signature on the beneficiary form. They further agreed that if

1

the expert found the signature authentic, the funds would be paid to Defendant Apodaca; if the expert found that the signature was not authentic, the funds would be paid to Defendant Cruz; and if the results were inconclusive, the Defendants would split the funds equally.  Pursuant to this agreement, an expert was retained and, after examining the change-of-beneficiary form and various exemplars, opined that the signature was "very probably" that of Frank Apodaca, Sr. Defendant Apodaca then filed a Motion to Release Funds **(# 52)** to him, consistent with the parties' agreement, which Defendant Cruz opposed.

The matter was referred to Magistrate Judge Hegarty, and, following a hearing at which both parties were heard, Magistrate Judge Hegarty issued the instant Recommendation **(# 60)**, finding that: (i) the handwriting expert's opinion was the equivalent of a finding that the signature was authentic; (ii) that any contention by Defendant Cruz that other portions of the change-of-beneficiary form had not been completed by Frank Apodaca, Sr. had not been preserved as part of the parties' June 26, 2006 agreement; and (iii) that any objection by Defendant Cruz to the sufficiency of the exemplars used by the handwriting expert was without merit, as the handwriting expert had seen fit to render an opinion based on the exemplars that had been provided. Consequently, Magistrate Judge Hegarty recommended that Defendant Apodaca's Motion to Release Funds to him be granted.

Defendant Cruz timely filed the instant Objections **(# 62)**.  Interpreting Defendant Cruz's Objections liberally because of her *pro se* status, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), Defendant Cruz contends that the format and contents of the change-of-beneficiary form at issue here are inconsistent with samples of the same blank document she has obtained.  As a result, she contends that the form in question is not

genuine, but was "put together by [Defendant Apodaca] with 3 different papers to make this form." She indicates that "This is my only Objection."

Because Defendant Apodaca's motion essentially disposes of the litigation, the Court reviews the Magistrate Judge's Recommendation *de novo.* Fed. R. Civ. P. 72(b). Defendant Cruz's sole objection is that the change-of-beneficiary form is inconsistent with other samples of the same form that she has obtained from unspecified sources. This argument does not go to the authenticity of Frank Apodaca, Sr.'s signature, but rather, to a collateral challenge to the change-of-beneficiary form. However, as undisputed portions of the Recommendation make clear, the parties' June 26, 2006 agreement reserved only the issue of the authenticity of the signature for further consideration; nothing in the agreement reserved Defendant Cruz's right to challenge the authenticity of the form itself. *Docket* # 60 at 4 ("The parties settled all claims and left only the issue of the identity of the signature outstanding"). Because the June 26, 2006 agreement did not reserve the parties' right to challenge the authenticity of the document itself – rather than just the signature – Defendant Cruz's Objections here are without merit.

Accordingly, Defendant Cruz's Objections **(# 62)** are **OVERRULED**. The Court **ADOPTS** the September 29, 2006 Recommendation **(# 60)** in its entirety. Defendant Apodaca's

Motion for Release of Funds **(# 52)** is **GRANTED**, and the Clerk of the Court shall release the remainder of the funds on deposit in this case to Defendant Apodaca. There being no matters remaining in dispute, upon such release, the Clerk of the Court shall close this case.

Dated this 13th day of October, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge